```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**PETER GEORGACARAKOS,**

                    **Plaintiff,**

        **v.**                                              **CASE NO.08-3279-SAC**

**MICHAEL NALLEY, et al.,**

                    **Defendants.**


### O R D E R

This matter is before the court on a civil complaint filed pro se by a prisoner incarcerated in a federal facility in Colorado. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and motion to amend the complaint.

*In Forma Pauperis, 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Having considered the financial record submitted by plaintiff, the court finds no initial partial filing fee may be imposed at this

time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Preliminary Review of Plaintiff's Complaint*

Because plaintiff is a prisoner, the complaint or any portion thereof is subject to being dismissed if the court finds it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. Erickson v. Pardus, 551 U.S. 89 (2007), Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The standard of review for a dismissal under § 1915(e)(2)(B)(ii) is the same as that employed for Fed.R.Civ.P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

To avoid dismissal for failure to state a claim for relief, a complaint a complaint must present factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Id, at 570.  A court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555.  However, if allegations in the complaint could not raise a plausible claim upon which relief can be granted, then dismissal of the complaint is warranted. Id. at 558.  A complaint offering "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' ...[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 555 and 557.

In the present case, plaintiff seeks damages from two defendants in the Bureau of Prisons (BOP) North Central Regional Office in Kansas City, Kansas:  Michael Nalley as the Regional Director, and Dr. Denney, as the Regional Psychiatrist. Plaintiff broadly contends these defendants approved, condoned, or failed to take action to correct alleged violations of plaintiff's constitutional rights by BOP staff at ADX-Florence.  Court records disclose that plaintiff previously filed a civil complaint in the United States District Court for the District of Colorado alleging the same constitutional violations by BOP defendants including the two defendants named in the present case.  *See* Georgacarakos v.

Wiley, Case No. 07-cv-1712-MSK-MEH.  In that action, the court dismissed plaintiff's claims against defendants Nalley and Denney pursuant to Fed.R.Civ.P. 12(b)(2), finding it lacked personal jurisdiction over these Kansas defendants. See id., Doc. 284 (Order, September 11, 2008).[1]  Plaintiff then filed the instant action against defendants Nalley and Denney in the District of Kansas.

The court first notes that plaintiff submitted his complaint on a court approved form complaint for seeking relief under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of *state* law." West v. Atkins, 487 U.S. 42, 48 (1988)(emphasis added).  Because plaintiff names only federal defendants, the court liberally construes the pro se complaint as one seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),[2] and as proceeding under 28 U.S.C. § 1331 which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff broadly alleges defendants Nalley and Denny conspired

---

[1] On February 23, 2009, the district court judge denied plaintiff's motion to alter and amend that order and judgment.

[2] In Bivens, the Supreme Court established that a victim of a constitutional violation by a federal agent acting under color of federal law has a right to recover damages against that official in federal court.

4

with other BOP defendants to enact or enable conduct which violated his rights. In five separate counts, plaintiff claims defendants Nalley and Denney participated in plaintiff's designation to ADX in 2003 through the filing of his complaint, and continued to cover up and condone alleged violations of plaintiff's rights thereafter. Plaintiff cites the destruction of his property in 2006, undated instances of excessive force employed by ADX staff, and religious discrimination by ADX staff in denying plaintiff access to the ADX Step Down Program in 2008. Plaintiff also alleges defendant Denney failed to oversee plaintiff's long term ADX confinement as a mentally ill prisoner.

Having reviewed the complaint, the court finds it is subject to being summarily dismissed because plaintiff's allegations fail to establish that either defendant personally participated in any violation of plaintiff's constitutional rights.[3]

Plaintiff's bare assertion that defendants Nalley and Denney conspired with other BOP officials to violate plaintiff's constitutional rights is conclusory at best, and thus states no

---

[3] Even if plaintiff were to establish either defendant's personal participation in the violation of plaintiff's constitutional rights, plaintiff would also be required to amend his complaint to sufficiently establish what if any conduct by either defendant occurred within two years of plaintiff's filing of the instant complaint. *See* United States v. Kubrick, 444 U.S. 111, 120 (1979)("[A] Bivens action, like an action brought pursuant to 42 U.S.C. § 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose."); K.S.A. 60-513(a)(4)(providing a two-year limitations period for bringing an action "for injury to the rights of another").

5

viable claim for relief.[4]  Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998).  Nor does plaintiff identify any specific action taken by either defendant in the alleged violation of his rights, but instead simply states each defendant "condoned" allegedly unconstitutional conduct occurring at ADX.  The sparse complaint thus suggests that plaintiff seeks damages from defendants Nalley and Denney based on nothing more than their handling of plaintiff's appeals from administrative grievances and/or his requests for compensation.  This is insufficient.

A cause of action under Bivens is recognized as the federal analog to suits brought against state officials under 42 U.S.C. § 1983.  Ashcroft v. Iqbol, __ U.S. __, 129 S.Ct. 1937, 1948 (2009)(quotation omitted).  In such actions, "government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondent superior."  Id.  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a

---

[4] Plaintiff's motion for transfer of this action, pursuant to 28 U.S.C. §§ 1401 and 1631, to the District of Colorado for consolidation with his pending case in that court is denied. Plaintiff states only that he "has alleged a conspiracy to violate civil rights, and thus [defendants Nalley and Denney] should go on trial with [their] co-conspirators in Colorado, where most of the conspiracy has taken place."  Doc. 4.
   The cited statutes do not support plaintiff's request for transfer.  28 U.S.C. § 1401, which controls venue in a stockholder's derivative action, is not applicable.  And 28 U.S.C. § 1631, which provides for transfer of an action to *cure* a want of jurisdiction, would not support transfer of this action to a court that has already determined that it *lacked* personal jurisdiction over the two named defendants.  To the extent plaintiff's pro se pleading can be liberally construed as a request for a change of venue pursuant to 28 U.S.C. § 1404, the court finds plaintiff has made no showing that transfer of this action to the District of Colorado would be in the interest of justice, 28 U.S.C. § 1404(a).

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. The Tenth Circuit Court of Appeals has held that "denial of grievances alone is insufficient to establish personal participation in the alleged constitutional violations." Larson v. Meek,, 780 (10th Cir. June 14, 2007)(unpublished opinion). *See also* Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam)(denial of a grievance does not state a substantive constitutional claim).

*Notice and Show Cause Order to Plaintiff*

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed because the allegations therein are insufficient to state a viable claim against any defendants upon which relief can be granted under Bivens.[5]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to

---

[5] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion to transfer (Doc. 4) this action to the District of Colorado for consolidation with plaintiff's pending action in that court is denied.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 30th day of June 2009 at Topeka, Kansas.


        s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge