```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**PETER GEORGACARAKOS,**

                      Plaintiff,

     v.                                    CASE NO.08-3279-SAC

**MICHAEL NALLEY, et al.,**

                      Defendants.


**O R D E R**

    Plaintiff, a prisoner incarcerated in a federal facility in Colorado, proceeds pro se and in forma pauperis on a complaint construed by the court as seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

    On June 30, 2009, the court reviewed the complaint and directed plaintiff to show cause why it should not be summarily dismissed as stating no claim for relief against the two defendants named in the complaint. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c). Having reviewed plaintiff's response, the court dismisses the complaint.

    Plaintiff seeks damages from two defendants in the Bureau of Prisons (BOP) North Central Regional Office in Kansas City, Kansas: Michael Nalley as the Regional Director, and Dr. Denney, as the Regional Psychiatrist. Plaintiff broadly contends these defendants approved, condoned, or failed to take action to correct alleged violations of plaintiff's constitutional rights by BOP staff at ADX-

Florence.[1] Finding plaintiff's allegations and conclusory claims of a conspiracy failed to plausibly establish either defendant's personal participation in the alleged violation of plaintiff's rights at the Colorado facility, the court directed plaintiff to show cause why the complaint should not be summarily dismissed.

In response, plaintiff essentially contends defendants failed to provide proper or adequate oversight of BOP staff in Colorado, and repeats his bare claim of a conspiracy between BOP officials in Kansas and Colorado.  This is insufficient.

Prison officials are only responsible for their own constitutional violations, not generally those of others. Liability for constitutional violations cannot rest upon a theory of respondeat superior based upon a defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976).  Nor can it be established through a bare and conclusory claim of a conspiracy.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Although plaintiff

---

[1] Court records disclose that plaintiff previously filed a civil complaint in the United States District Court for the District of Colorado alleging the same constitutional violations by BOP defendants including the two defendants named in the present case. See Georgacarakos v. Wiley, Case No. 07-CV-1712-MSK-MEH.  In that action, the court dismissed plaintiff's claims against defendants Nalley and Denney pursuant to Fed.R.Civ.P. 12(b)(2), finding it lacked personal jurisdiction over these Kansas defendants. See id., Doc. 284 (Order, September 11, 2008).  Plaintiff then filed the instant action against defendants Nalley and Denney in the District of Kansas.
   The court previously denied plaintiff's motion to transfer this action to the District of Colorado pursuant to 28 U.S.C. §§ 1401 and 1631, for consolidation with Case No. 07-CV-1712.
   Likewise, plaintiff's motion to transfer this action to the District of Colorado as the correct venue for his claims, and for possible consolidation with yet another case filed by plaintiff in that court, Georgacarakos v. Watts, 08-CV-2147 (RLJ), is denied.

contends his allegations encompass more than defendants' denial of his administrative grievances, plaintiff identifies no other individual action by either defendant. To the extent plaintiff complains each defendant failed to do their job properly and provide adequate oversight, such allegations of negligence present no actionable claim of constitutional deprivation. *See* <u>Davidson v. Cannon</u>, 474 U.S. 344, 347-48 (1986); <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986).

Accordingly, for the reasons stated herein and in the order entered on June 30, 2009, the court concludes the complaint should be dismissed as stating no claim for relief against either of the two defendants named in the complaint.

IT IS THEREFORE ORDERED that plaintiff's "Motion to Change Venue" (Doc. 7) is denied.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief against either defendant named in the complaint.

**IT IS SO ORDERED.**

DATED: This 29th day of July 2009 at Topeka, Kansas.


   s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge